IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARRIE ANGLIM, | |
| Plaintiff, | 8:21-CV-171 |
| vs. | |
| SHARP MEDICAL STAFFING, LLC, | MEMORANDUM AND ORDER |
| Defendant. | |

## I.   INTRODUCTION

Carrie Anglim sued Sharp Medical Staffing, LLC, ("Sharp") for violating the notice provision of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and for failing to process her COBRA paperwork and insurance payments. Before the Court are Sharp's Motion for Judgment on the Pleadings and Anglim's Motion to Extend Response Time to Sharp's motion. For the reasons stated herein, the Court converts Sharp's motion into a motion for summary judgment and denies as moot Anglim's motion.

## II.   BACKGROUND

Anglim worked for Sharp from January, 2020 until her termination in March, 2020. Filing 1-1 at 3. According to Anglim, Sharp did not provide notice that she could initiate or continue healthcare coverage through COBRA until November, 2020. Filing 1-1 at 3. Anglim further alleges that she submitted checks to cover the cost of COBRA coverage to Sharp, but Sharp refused to cash them. Filing 1-1 at 3. Anglim claims she received the COBRA information from Sharp in

1

November, 2020, and that she re-sent the paperwork and a check for premium payments. Filing 1 at 4. According to Anglim, Sharp did not process the paperwork and did not cash the check. Filing 1 at 4. Because of these failures, Anglim claims, she still lacks healthcare coverage. Filing 1 at 4.

Anglim sued Sharp in Nebraska state court on March 22, 2021. Filing 1-1 at 3. Anglim's complaint sought damages for Sharp's alleged failure to provide notice of COBRA eligibility under 29 U.S.C. § 1132 and for failing to process her COBRA paperwork and insurance payments. Filing 1-1 at 3-4. On April 23, 2021, Sharp removed this action to this Court. Filing 1. Shortly thereafter, Sharp filed its Answer to Anglim's Complaint on May 27, 2021. Filing 8. In its Answer, Sharp claims it sent Anglim a corrected COBRA notice on October 23, 2020. Filing 8 at 2. Sharp denies ever receiving paperwork or checks for premiums from Anglim. Filing 8 at 2. Moreover, Sharp alleges that it enrolled Anglim in the Sharp Medical COBRA group health plan on April 1, 2020, and paid Anglim's initial premiums. Filing 8 at 2. Included with its Answer is a letter a third party, Discovery Benefits, LLC, purportedly sent to Anglim showing Sharp enrolled Anglim in the group health plan and made Anglim's initial payments. Filing 8-2 at 1-8. According to Sharp, Anglim's COBRA coverage was suspended because she failed to pay her premiums, but it will be reinstated retroactively once they are paid. Filing 8 at 2.

On August 10, 2021, Sharp filed its Motion for Judgment on the Pleadings. Filing 19. Anglim filed her Motion to Extend Response Time to Sharp's motion on August 19, 2021. Filing 21.

### III. ANALYSIS

#### A. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). When reviewing a Rule 12(c) motion, the Court must "view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)); *Poehl*, 528 F.3d at 1096. To survive such a motion, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (noting the plausibility standard from *Twombly* and *Iqbal* "applies to Rule 12(c) motions").

### B. Failure to State a Claim

In its Motion for Judgment on the Pleadings, Sharp argues that Anglim has no claim for Sharp's alleged failure to process her COBRA paperwork and insurance payments because Sharp enrolled her in COBRA coverage on April 1, 2020, and paid her first two premium payments. Filing 20 at 4-5. Sharp's argument relies entirely on a letter from Discovery Benefits, LLC, to Anglim. Filing 8-3. The letter allegedly shows that Sharp enrolled Anglim in Sharp's Health Benefits Plan, retroactive to April 1, 2020, and paid her first two premium payments. Filing 8-2 at 1, 4. The letter also directs Anglim to make premium payments to Discovery Benefits. Filing 8-2 at 4-5.

Sharp asserts that the Court may consider the letter without converting its Motion for Judgement on the Pleadings into a motion for summary judgment. Filing 20 at 4-5. In support,

3

Sharp cites cases outside the Eighth Circuit stating that certain written instruments attached to an answer can be considered in a 12(c) motion. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (emails attached to the defendant's answer were properly considered in a 12(c) motion because they were "integral" to the complaint and the plaintiff had prior notice of them); *Barnard v. Lackawanna Cnty.*, 696 F. App'x 59, 60 (3d Cir. 2017) (certified copy of CBA, a disciplinary hearing notice, a notice of suspension, a grievance form, and a pay record were properly considered in a 12(c) motion because they "concisely set out the parties' respective rights and the record of the underlying dispute."); *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."). Sharp contends that because the letter directly contradicts the claims in Anglim's complaint, judgment on the pleadings in its favor is warranted. Filing 20 at 4-5.

In general, a court may not consider materials outside the pleadings when deciding a motion for judgment on the pleadings. *See Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) ("A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings" (citing *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999))). "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). Courts may, however, consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous*

4

*Media Corp,* 186 F.3d at 1079); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir.2003)).

Given the Eighth Circuit's "broad interpretation of 'matters outside the pleading,'" *Gibb*, 958 F.2d at 816, the Court concludes that the letter is outside the pleadings. Anglim does not reference the letter in her complaint. Indeed, the only document mentioned in Anglim's complaint is the COBRA notice she received in November, 2020. Nor is the letter, as Sharp puts it, "integral" to Anglim's claims. A document is "integral" to a complaint when the plaintiff "relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). The letter, which is absent from Anglim's allegations, cannot be considered "integral."[1]

Because the letter is outside the pleadings, the Court cannot consider it without converting Sharp's motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Therefore, the Court converts Sharp's Motion for Judgment on the Pleadings into a motion for summary judgment. Sharp has 14 days to supplement the summary-judgment filing so that the filing complies with Nebraska Civil Rule 56.1. Afterwards, Anglim will have 21 days to respond. *See* NECivR 7.1(b)(1)(B) (stating that a brief in opposition must be filed within 21 days after a

---

[1] Sharp attempts to analogize this case to the Second Circuit's decision in *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011). In *L-7 Designs*, the Second Circuit held it was proper for the district court to consider a series of emails between the two parties in an action for breach of contract for failure to negotiate in good faith. *L-7 Designs*, 647 F.3d at 422, 427-28. According to the court, the email exchange was part of negotiations that the plaintiff "identified as the basis for its Complaint." *Id.* In this case, however, the letter has not been identified by Anglim as the basis for her claims.

5

motion is filed). Because the Court is converting Sharp's motion into a summary-judgment motion, Anglim's Motion to Extend Response Time to Sharp's motion, Filing 21, is denied as moot.

### IV. CONCLUSION

Accordingly,

IT IS ORDERED:

1. Sharp's Motion for Judgment on the Pleadings, Filing 19, is converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d);

2. Sharp has 14 days to supplement its filing to conform with Fed. R. Civ. P. 56 and NECivR 56.1 and supplement the summary judgment filing with evidence;

3. Defendant shall have the time allowed by NECivR 7.1(b)(1)(B) to respond to the motion; and

4. Anglim's Motion to Extend Response Time, Filing 21, is denied as moot.

Dated this 7th day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge